## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| | : | |
| HANNAH LAWLOR, | : | |
|    Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3:21-CV-00071-JBA |
| v. | : | |
| | : | |
| FAIRFIELD UNIVERSITY, | : | |
|    Defendant. | : | NOVEMBER 9, 2021 |
| | : | |

## DEFENDANT FAIRFIELD UNIVERSITY'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DISMISSAL OF ACTION OR TO COMPEL DISCLOSURES AND DISCOVERY RESPONSES

Pursuant to Federal Rules of Civil Procedure 41(b) and 37(b)(2)(A), Defendant Fairfield University ("the University") respectfully submits this Memorandum of Law in Support of its Motion to Dismiss this action due to Plaintiff's failure to comply with her initial disclosure and other discovery obligations. The Court should dismiss this action. In the alternative and pursuant to Federal Rule of Civil Procedure 37(a), the University moves for an order compelling Plaintiff to provide initial disclosures and respond fully to discovery by a date certain and stating that Plaintiff's action will be dismissed if Plaintiff does not provide full compliance by that date.

## I.    PRELIMINARY STATEMENT

Over the course of the last seven months, Plaintiff has repeatedly failed to comply with basic requirements that she provide initial disclosures, responses to discovery requests, and a damages analysis. Despite repeated attempts by the University to obtain Plaintiff's compliance without Court involvement, Plaintiff has still not served any disclosures, discovery responses, or a damages analysis. When the University met and conferred with Plaintiff's counsel regarding Plaintiff's noncompliance last week, Plaintiff's counsel informed the University that Plaintiff is not in contact with her own attorney. This case was supposed to be winding down over the coming months, with summary judgment due to be filed this coming April. Instead, this case,

which concerns events that occurred in early 2018, has not progressed at all and, given Plaintiff's lack of communication with her own attorney, may not be able to meaningfully progress for the foreseeable future.  As a result, the recollections of witnesses have only become less clear. Plaintiff's noncompliance has therefore resulted in prejudice to the University.  Under these circumstances, the Court should dismiss this action.  The factors Courts consider in evaluating such a dismissal support dismissing this case.  If the Court nevertheless disagrees that dismissal is warranted, the University requests that the Court order Plaintiff to promptly comply with her obligations or advise that her case will be dismissed.

## II.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### A.     Plaintiff's Complaint

Plaintiff filed this action in January 2021.  (ECF 1.)  In sum, Plaintiff is critical of the University's response to her March 2018 report that she was sexually assaulted.  (ECF 1.)

### B.     The Scheduling Order

On March 1, 2021, the Parties jointly submitted a Rule 26(f) Report that provided that "[i]nitial disclosures will be made by April 15, 2021."  (ECF 13 at 4.)  The Rule 26(f) Report also provided, among other things, that Plaintiff would serve a damages analysis by October 1, 2021 and that dispositive motions would be filed by April 15, 2022.  (ECF 13 at 4, 6.)  The Court approved all these dates in its Scheduling Order, which it issued on March 17, 2021.  (ECF 15.)

### C.     The University Issues Discovery Requests, But Plaintiff Fails to Respond

On March 25, 2021, the University issued interrogatories and requests for production to Plaintiff.  (**Exhibit A** ("Declaration of Attorney Jonathan Sterling").)  Pursuant to Federal Rules of Civil Procedure 33(b)(2) and 34(b)(2)(A), Plaintiff was required to respond to the University's discovery requests within thirty (30) days (*i.e.*, by April 26, 2021).  To date, Plaintiff has not responded to the University's requests, despite multiples requests that she do so. (Exhibit A ¶ 2.)

### D.     Plaintiff Fails to Serve Initial Disclosures

Pursuant to the Rule 26(f) Report, Plaintiff's initial disclosures were due on April 15, 2021.  (ECF 13.)  The Parties subsequently stipulated to moving that date to April 29, 2021, but to date, Plaintiff has failed to serve any initial disclosures despite multiple requests that she do so as she is required to by Federal Rule of Civil Procedure 26(a)(1).  (Exhibit A ¶ 3; Exhibit A-2.)

### E.     The University Repeatedly Requests Plaintiff's Compliance

The University requested that Plaintiff provide her initial disclosures and/or responses to its discovery requests in emails on April 28, 2021, May 5, 2021, and September 1, 2021, and during a telephone conversation on November 5, 2021.  (Exhibit A ¶ 4.)  (One email attached to Exhibit A has been redacted to preserve potentially private information.) In its September 1 email, the University noted that it now urgently needed Plaintiff's compliance.  (Exhibit A-3.)

### F.     Plaintiff Fails To Serve Her Damages Analysis

Pursuant to the Scheduling Order, Plaintiff was required to serve her damages analysis by October 1, 2021, but to date, Plaintiff has not provided a damages analysis.  (Exhibit A ¶ 3.)

### G.     The Parties Meet And Confer Regarding Plaintiff's Compliance

On November 5, 2021, the Parties met and conferred regarding Plaintiff's failure to comply with her obligations.  During that call, Plaintiff's counsel admitted to counsel for the University that he has had no contact with Plaintiff for some time.  (Exhibit A ¶ 5.)  Plaintiff's counsel also agreed that Plaintiff owes the University disclosures and discovery, but stated that he would not be able to provide the discovery in light of the lack of contact.  (Exhibit A ¶ 5.)

## III.    LEGAL STANDARDS AND ARGUMENT

### A.     The Court Should Dismiss This Action

#### 1.     *Federal Rules of Civil Procedure 41(b) and 37(b)(2)(A)*

Federal Rule of Civil Procedure 41(b) provides:  "If the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any

claim against it."  Federal Rule of Civil Procedure 37(b)(2)(A) in turn provides:  "If a party or a party's officer . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. [Such orders] may include the following . . . dismissing the action or proceeding in whole or in part [or] rendering a default judgment against the disobedient party . . . ."

> "When deciding whether to dismiss a case under Rule 41(b) . . . , courts must consider:
>
> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Heendeniya v. St. Joseph's Hosp. Health Ctr.*, 830 F. App'x 354, 357 (2d Cir. 2020).

> "No single factor is generally dispositive."  *Id.*

"Similarly, when deciding if dismissal is an appropriate sanction for failure to comply with discovery orders under Rule 37, a court must consider whether the party was warned, the duration of noncompliance, the efficacy of lesser sanctions, and the willfulness of the non-compliant party or the reason for noncompliance."  *Id.* (quotation marks omitted).

With respect to duration of noncompliance, the Second Circuit has held that six- and seven-month delays are significant and has affirmed the dismissal of claims in which plaintiffs' noncompliance extended for six and seven months.  *Id.* (dismissing case and citing *Ruzsa v. Rubenstein & Sendy Attys at Law*, 520 F.3d 176, 177 (2d Cir. 2008) (finding a seven-month period of inaction was "significant" for Rule 41(b) purposes and affirming dismissal of claim); *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 666 (2d Cir. 1980) (affirming Rule 41(b) dismissal where plaintiffs took no steps to move case forward during six-month period)).

Turning to prejudice, "prejudice to defendants [can] be presumed [where] the delay [is] not reasonable."  *Id.* at 358.  Prejudice also exists where the action concerns events in the distant

past and where the delay therefore jeopardizes the recollections and/or availability of witnesses. *Id.* (holding that "the district court reasonably concluded that further delay would be prejudicial to the defendants" because, among other reasons, the action "concerned events more than five years in the past, of which evidence was increasingly unlikely to be available").

Under the factor balancing the Court's interest in its docket with plaintiff's interest, a pattern of noncompliance supports a finding that the Court's interest outweighs plaintiff's interest. *Id.* "'[F]airness to other litigants, whether in the same case or merely in the same court as competitors for scarce judicial resources' may [also] warrant a dismissal under Rule 41(b)." *Rubin v. Abbott Lab'ys*, 319 F.R.D. 118, 121 (S.D.N.Y. 2016) (quoting *Chira*, 634 F.2d at 668).

Regarding notice, it is axiomatic that every citizen (and especially every lawyer) is presumed to know the law, *see, e.g.*, *Georgia v. Public.Resource.Org, Inc.*, 140 S. Ct. 1498 (2020), and "Courts in this Circuit have dismissed actions for failure to prosecute where the plaintiff has failed to take any steps, after filing a complaint, to prosecute the action, or where the plaintiff has failed to take any action over a length of time" and "where plaintiff's counsel has disregarded scheduling orders of the court," *In re Crysen/Montenay Energy Co.*, 166 B.R. 546, 550 (S.D.N.Y. 1994) (collecting cases); *see also, e.g.*, *Apace Commc'ns, Ltd. v. Burke*, 105 F. Supp. 3d 252, 254–55 (W.D.N.Y. 2015) ("An action may be subject to dismissal with prejudice pursuant to Rule 41(b) for failure to prosecute where the plaintiff has allowed the action to lie dormant for a lengthy period . . . ."); *Moreno v. Jeung*, 309 F.R.D. 188, 190 (S.D.N.Y. 2015) ("A plaintiff has a duty to advance his case diligently and his failure to do so may result in dismissal for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.").

Finally, although lesser sanctions should be considered, "district courts are not required to exhaust possible lesser sanctions before imposing dismissal or default if such a sanction is appropriate on the overall record." *Rubin*, 319 F.R.D. at 122 (quoting *South New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 148 (2d Cir. 2010)). Notably "Courts consistently find

that dismissal is the only adequate remedy for failure to prosecute where a plaintiff cannot be contacted because the plaintiff would be unaware of any lesser sanction." *Caussade v. United States*, 293 F.R.D. 625, 631 (S.D.N.Y. 2013) (emphasis added) (collecting cases).  Indeed, in *In re World Trade Center Disaster Site Litigation*, 762 F. Supp. 2d 631 (S.D.N.Y. 2010), the Court dismissed claims in a negligence and wrongful death action brought by rescue and clean-up workers following the September 11, 2011, terrorist attacks in New York City with respect to plaintiffs who could not be found or who refused to respond to their lawyers' efforts to locate them because "[b]y failing to maintain communications and provide instructions to their attorneys," plaintiffs "failed purposefully and intentionally to prosecute their cases."

Dismissals are reviewed for abuse of discretion.  *E.g.*, *Heendeniya*, 830 F. App'x at 357.

### 2.    The Court Should Dismiss Plaintiff's Action

The circumstances of this case strongly support dismissal.

#### i.    There Is No Dispute Plaintiff Is Noncompliant

Before addressing the specific factors identified above, the University notes that there is no dispute that Plaintiff has not complied with her obligations to (1) respond to the University's discovery requests on April 26, 2021, (2) serve initial disclosures on April 29, 2021, and (3) provide a damages analysis on October 1, 2021.  (*See* ECF 13 & 15; Exhibit A.)  There is also no dispute that the University has repeatedly sought to obtain Plaintiff's compliance over the course of many months (since April 2021) to no avail.  (Exhibit A-3.)  Thus, the requirements of Rules 41(b) and 37(b)(2)(A) are satisfied.  *See* Rule 41(b) (providing for involuntary dismissal if "the plaintiff fails to prosecute *or to comply with these rules or a court order*" (emphasis added)); Rule 37(b)(2)(A) (providing for dismissal if "a party . . . *fails to obey an order to provide or permit discovery, including an order under Rule 26(f).*" (emphasis added)).  Plaintiff has failed to comply with numerous rules and orders, including but not limited to:  (1) Rules 33(b)(2) and 34(b)(2)(A), which required her to respond to interrogatories and requests for production by

April 26, 2021, (2) Rule 26(a)(1), which required her to produce information "without awaiting a discovery request" by April 29, 2021, and (3) the Court's Scheduling Order (ECF 15), which required Plaintiff to provide a damages analysis by October 1, 2021.  In light of these multiple violations, the University now analyzes the factors identified above, which support dismissal.

ii.      The Duration Of Plaintiff's Noncompliance Supports Dismissal

Plaintiff has been noncompliant with her initial disclosure obligations for approximately seven months.  (ECF 13 at 4.)  She has also been noncompliant with her other discovery obligations for over six months.  (Exhibit A.)  The Second Circuit has held that delays of exactly this length are "significant" and support dismissal.  *See, e.g.*, *Ruzsa*, 520 F.3d at 177; *Chira*, 634 F.2d at 666.  The fact that Plaintiff has now also failed to serve her damages analysis, which was due over a month ago, and the fact that this case is supposed to be wrapping up in a few short months, with summary judgment due in approximately five months on April 15, 2022, (ECF 15), only bolster the conclusion that the duration of Plaintiff's noncompliance supports dismissal.

iii.      The University Has Been Prejudiced

Prejudice is presumed because of the length of Plaintiff's delay.  *See, e.g.*, *Heendeniya*, 830 F. App'x at 357.  Regardless, prejudice is readily apparent and significant.  Plaintiff's Complaint concerns a March 2018 report of sexual assault and other events that occurred between March and May 2018.  (ECF 1 ¶¶ 5, 8.)  As was the case in *Heendeniya*, 830 F. App'x at 358, the University has been prejudiced because Plaintiff's delay has drawn out this case, which is based on events that are now almost four years old.  Indeed, this case was supposed to be winding down in the coming months with dispositive motions due, but discovery has now not even begun.  Even if witnesses are available, which they may no longer be, their memories of events that are now long in the past will not be as clear.

iv.     The Court's Interest Supports Dismissal

This Court has a busy docket with significant obligations to a large number of litigants. Those obligations outweigh Plaintiff's interest in congesting the Court's docket further with this case.  That is the case because Plaintiff has engaged in a pattern of noncompliance by failing to comply with three separate requirements despite being asked to do so numerous times over the course of many months.  *See, e.g.*, *id.* (explaining that a pattern of noncompliance warrants the conclusion that the Court's interest outweighs the plaintiff's interest).  Through her repeated noncompliance and refusal to communicate with her own attorney, (*see* Exhibit A), Plaintiff has demonstrated a lack of attention to this case.  The Court's interest trumps Plaintiff's interest.

v.     Plaintiff's Noncompliance Was Willful

Whether Plaintiff's noncompliance was willful or not is a factor under at least Rule 37 dismissals.  *See, e.g.*, *id.* at 357.  The record establishes that Plaintiff was asked by her counsel to comply with her obligations but that she failed to do so over the course of many months, which establishes that Plaintiff's noncompliance in this case was willful.  For example, on April 28, 2021, in response to the University questioning Plaintiff's noncompliance, Plaintiff's counsel wrote "I haven't yet received anything from her," (Exhibit A), which indicates that Plaintiff's counsel had asked Plaintiff to provide information and/or documents but that Plaintiff had failed to do so.  This is not a case where a plaintiff desperately wants to prosecute her action but is prevented from doing so through the inaction of her attorney.  To the contrary, Plaintiff's counsel has indicated that he has attempted to secure Plaintiff's compliance, but the record is undisputed that Plaintiff has, many months later, still not complied with basic requirements.

Moreover, the *In re World Trade Center* Court held that "failing to maintain communications and provide instructions to . . . attorneys" amounts to "purposefully and intentionally [failing] to prosecute [a] case[]."  *In re World Trade Center*, 762 F. Supp. 2d at 631. Thus, Plaintiff has purposefully and intentionally failed to prosecute her case.

vi.      Plaintiff Was On Notice That Dismissal May Occur

Unlike many *pro se* plaintiffs whose cases are dismissed, including the plaintiff in *Heendeniya*, 830 F. App'x at 357, Plaintiff is represented by experienced counsel.  Counsel is undoubtedly well aware of the extensive law cited above and/or many other similar decisions establishing that the failure to prosecute a case and/or repeated failure to comply with discovery obligations may result in the dismissal of an action.  *See, e.g.*, *In re Crysen/Montenay Energy Co.*, 166 B.R. at 550 (collecting cases); *Apace Commc'ns, Ltd.*, 105 F. Supp. at 254–55; *Moreno*, 309 F.R.D. at 190; *see also, e.g.*, *Georgia*, 140 S. Ct. at 1498.  The prospect of dismissal is not a surprise to Plaintiff's counsel and should be no surprise to Plaintiff herself.

vii.     There Are No Lesser Sanctions Available

There are no lesser sanctions available in this case because Plaintiff is not communicating with her own attorney.  Not only do "[c]ourts consistently find that dismissal is the only adequate remedy for failure to prosecute where a plaintiff cannot be contacted," *Caussade*, 293 F.R.D. at 631, even the claims of 9/11 first responders were dismissed when they could not be contacted, *In re World Trade Center Disaster Site Litigation*, 762 F. Supp. 2d at 631.  As in *In re World Trade Center*, Plaintiff is "refus[ing] to respond to [her] lawyers' efforts" to contact her. (Exhibit A; Exhibit A-3 (stating in April 2021 "I haven't yet received anything from her.").)

Even if Plaintiff was communicating with her attorney, dismissal would still be warranted.  As noted above, although the Court should consider lesser sanctions, it is "not required to exhaust possible lesser sanctions before imposing dismissal . . . if such a sanction is appropriate on the overall record."  *Rubin* 319 F.R.D. at 122.  Dismissal is appropriate here. Plaintiff has engaged in an extended course of repeated noncompliance with basic obligations. That noncompliance has, as discussed above, prejudiced the University.  The Court cannot undo that prejudice because it cannot make witnesses remember things and events from March 2018.

viii.    The Factors Overwhelmingly Support Dismissal

The factors overwhelmingly support dismissal.  The Court should dismiss this action.

**B.     In The Alternative, The Court Should Order Prompt and Full Compliance**

If, despite the forgoing, the Court nevertheless concludes that dismissal is not warranted, it should order Plaintiff to promptly and fully comply with her outstanding obligations.

1.    *Federal Rule 37(a)*

Federal Rule of Civil Procedure 37(a)(1) provides:  "On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery."

2.    *Plaintiff Failed to Comply With Her Obligations*

There is no dispute, and indeed it is indisputable, that Plaintiff has failed to (1) serve initial disclosures, (2) respond to discovery, and (3) provide a damages analysis.

3.    *Prompt and Full Compliance Is Warranted*

Full compliance is warranted.   Plaintiff waived any potential objections to the University's discovery requests long ago.  *See, e.g.*, Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity.  Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.").

Prompt compliance is also warranted.  Even immediate compliance will not undo the prejudice to the University, but every additional day, week, and month that goes by without compliance only adds to that prejudice by needlessly extending the time between the underlying events and, among other things, the depositions and potential trial testimony of witnesses.

For these reasons, if, despite the foregoing, the Court does not believe that dismissal is warranted, the University requests that the Court order Plaintiff to provide (1) complete initial disclosures, (2) a complete damages analysis, and (3) complete responses to all of the University's interrogatories and requests for production by **November 23, 2021**, which is

fourteen (14) days from the date of this filing, and state in the Court's order that Plaintiff's action will be dismissed with prejudice if Plaintiff does not provide complete compliance by that date.

Providing Plaintiff with fourteen (14) days to comply is more than appropriate under the circumstances.  Plaintiff has already had many months longer than she should have had to provide the information and documents in question and Local Rule 37(d) sets fourteen (14) days as the presumptively reasonable time for compliance.  *See* Local Rule 37(d) ("Unless a different time is set by the Court, compliance with discovery ordered by the Court shall be made within fourteen (14) days of the filing of the Court's order" compelling requested discovery.).

## IV.     CONCLUSION

For the foregoing reasons, the University respectfully requests that the Court dismiss Plaintiff's action in its entirety, with prejudice.  Dismissal is more than warranted.  In the alternative, the University respectfully requests that the Court order Plaintiff to serve (1) complete initial disclosures, (2) a complete damages analysis, and (3) complete responses to all of the University's interrogatories and requests for production by **November 23, 2021** and explain that if Plaintiff fails to do so that her action will then be dismissed with prejudice.

THE DEFENDANT,
FAIRFIELD UNIVERSITY

By:_____ */s/ Jonathan C. Sterling*_____
James M. Sconzo, Esq. (ct04571)
Jonathan C. Sterling, Esq. (ct24576)
Brendan N. Gooley (ct30584)
CARLTON FIELDS, P.A.
One State Street
Suite 1800
Hartford, CT  06103
Telephone:  860-392-5000
Facsimile:  860-392-5058
Email: jsconzo@carltonfields.com
          jsterling@carltonfields.com
          bgooley@carltonfields.com
Its Attorneys

## <u>CERTIFICATION</u>

This is to certify that on this 9th day of November, 2021, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system:

John R. Williams, Esq.
51 Elm Street
New Haven, CT 06510
203.562.9931
Fax: 203.776.9494
jrw@johnrwilliams.com


      */s/Jonathan C. Sterling*
      Jonathan C. Sterling